# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 01-10593
Summary Calendar
_____

**NESTOR T. LAPASTORA,**

Plaintiff-Appellant,

**versus**

**301S SPTG/DPCE, Security Police Training Group,**

Defendant-Appellee.

_____

**Appeal from the United States District Court
for the Northern District of Texas
(3:97-CV-3188)**

_____

September 20, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Nestor T. LaPastora appeals, *pro se*, the dismissal of his disability discrimination action.

During 1994 and 1995, LaPastora was employed as a civilian security guard with the Air Force's 301st Support Group (301st) at the Naval Air Station Joint Reserve Base in Fort Worth, Texas. He sustained a back injury in October 1994, resulting in a work absence through the next month; he returned to work in late

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

November. In May 1995, LaPastora accepted a $25,000 Voluntary Separation Incentive Plan to end his employment with the Air Force.

Subsequently, LaPastora applied for disability retirement benefits through the Office of Personnel Management (OPM). He received a notice of approval in September 1995, but OPM stated payment would not begin until it had obtained certain information from LaPastora's employing agency. The 301st provided the requested information that November, stating LaPastora had voluntarily resigned under an incentive program. In February 1996, OPM informed LaPastora that it had reversed its decision. LaPastora was afforded an opportunity to respond, which he did. That March, OPM issued a final decision denying benefits.

LaPastora appealed the decision to the Merit Systems Protection Board (MSPB). In August 1996, MSPB issued an initial decision affirming OPM's decision, concluding LaPastora had failed to demonstrate a disability. In February 1997, MSPB denied the petition for review and notified LaPastora of his remaining legal channels.

LaPastora appealed the MSPB's decision to the United States Court of Appeals for the Federal Circuit, which affirmed. *See **La Pastora v. Office of Personnel Management***, No. 97-3217 (Fed. Cir. July 28, 1997). He also filed the present action in district court. The nub of LaPastora's complaint is that the 301st and its employees discriminated against him on the basis of his alleged

2

medical condition by wrongfully providing information to OPM. While LaPastora framed the action as under Title VII, the district court, in light of LaPastora's *pro se* status, construed it liberally as a Rehabilitation Act matter. The court then dismissed the action on a variety of grounds. LaPastora incorrectly appealed to the Federal Circuit, which transferred the appeal to this court in April 2001. *See **LaPastora v. Employing Agency, 301st SPTG/DPCE***, No. 01-1207 (Fed Cir. Apr. 23, 2001).

"An appellant's brief must contain an argument on the issues that are raised, in order that we, as a reviewing court, may know what action *of the district court* is being complained of. *See* FED. R. APP. P. 28(a)(6). There is no exemption for *pro se* litigants, though we construe their briefs liberally". **Al-Ra'id v. Ingle**, 69 F.3d 28, 31 (1995) (emphasis in original).

Assuming *arguendo* the three issues LaPastora presents for review are properly preserved, he offers no argument with respect to any of those issues. For the most part, he merely restates the allegations of his complaint. The closest he comes to substantiating his position on any issue is the following: "Whereby the district court of Northern Texas dismisses plaintiff's civil cause of action without a trial, this constitutionally violates plaintiff's civil rights under the 14th Amendment Clause of 'due process' and the 'equal protection clause'". LaPastora does not explain how the dismissal violated due process or equal protection.

3

He cites no authority or support for his assertion as required by FED. R. APP. P. 28(a)(9)(A). Finally, he cites nothing in the record that would indicate error. *See id.*

LaPastora arguably raises an additional issue in his brief, although it is not listed among his issues presented. Presumably responding to the district court's rulings regarding improper defendants and insufficient service of process, he states: "The United States government nor [sic] the department of the Air Force or the employing agency are but one body. This were [sic] served with services process". Again, even assuming this issue was properly preserved and presented, the "argument" is simply conclusional. LaPastora offers no citation to authority or the record to substantiate his contention. While, given his *pro se* status, we can engage in a limited degree of interpolation, we cannot craft his legal argument. Where we have nothing to review, the issue is abandoned. *See Al-Ra'id*, 69 F.3d at 31.

In the alternative, and notwithstanding the aforementioned deficiencies, and essentially for the reasons stated in the district court's well-reasoned opinion, the dismissal is

*AFFIRMED.*